OPINION
{¶ 1} Mr. William Kuntz, III is appealing from the Common Pleas Court of Montgomery County denying Kuntz's several motions to intervene in this foreclosure action. The full decision of the trial court from which he is appealing is as follows:
 {¶ 2} "This matter is before the court on motions filed by William Kuntz. Mr. Kuntz contends that he has an interest in the property which was sold at foreclosure. Mr. Kuntz now asks the Court to vacate the sale and allow him to intervene in any action involving the property. It appears Mr. Kuntz held a valid judgement lien on this property beginning on August 17, 1995. However, a judgement lien is only valid for a five year period without renewal. Ohio Rev. Code § 2329.07. After the five year period, Mr. Kuntz's judgement lien automatically became dormant due to his failure to renew the lien. At the time of sale, Mr. Kuntz simply had no recognizable interest in the property at question. Id. Therefore, Mr. Kuntz now has no standing to prevent the foreclosure sale from taking place, nor any right to recover proceeds from such a sale. For the foregoing reasons, William Kuntz's motions are hereby DENIED."
 {¶ 3} Mr. Kuntz, pro se, contends that he was unfairly denied the right to participate in this action in order to claim a portion of the proceeds of the sale of the foreclosed property. We have reviewed the entire record, however, and find that it fully supports the foregoing decision of Judge Michael L. Tucker, which we hereby approve and adopt as our own.
 {¶ 4} Mr. Kuntz further contends, for the first time on appeal, that the State of Ohio's liens on property last ten years before lapsing while that of a private individual lasts only five years, a situation which he contends is unconstitutional as offensive to equal protection. However, this issue was not raised to the trial court, and, therefore, may not be addressed on appeal. Mr. Kuntz should know this. See SocietyBank, NA a.k.a. Society Natl. Bank v. Kuntz (Nov. 22, 1995), Montgomery App. No. 15056. This rule applies equally as well to the raising of constitutional issues on appeal for the first time. Moats v. Metro. Bankof Lima (1974), 40 Ohio St.2d 47, 49-50, 69 O.O.2d 323, 324.
 {¶ 5} All arguments presented by Mr. Kuntz in his pro se brief, which did not include assignments of error, are overruled, and the judgment is affirmed.
WOLFF and GRADY, JJ., concur.